IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY HALL,

                            Plaintiff,

       vs.                                                                          Case No.05-2298-KHV

BOARD OF COUNTY COMMISSIONERS
FOR FORD COUNTY, KANSAS,

                            Defendant.

## **STIPULATED PROTECTIVE ORDER**

This order is entered pursuant to the agreement and stipulation of the parties. The parties have shown good cause for the entry of this order, including:

      1.      The privacy interest of defendants' employees, in their personnel records and medical information,; and

      2.      The interest of the defendant in not being subjected to claims and lawsuits for the disclosure of its employee's employment files and records

      3.      The privacy interest of plaintiff in her personnel records, medical information, and financial information.

Accordingly, it is ORDERED:

      1.      "Confidential Material" as used herein means any document, deposition transcript (or portion thereof), or interrogatory response which is designated as "confidential" by either party and which contains or refers to any personnel or payroll or medical information regarding defendants' current or

former employees, any other confidential material relating to defendants' personnel, medical, psychological, or financial information produced by plaintiff.

2. A party wishing to designate any document, deposition transcript (or a portion thereof), or interrogatory response as "Confidential Material" shall do so by affixing a label or stamp to such document proclaiming the item to be "Confidential" or by providing the other party written notice that identifies each document or transcript, by its number label or other identifying marks, that the producing party deems Confidential Material. The designation of a document as Confidential Material shall be done at the time of production. The designation of a deposition (or a portion thereof) shall be done either at the time of the taking of the deposition or within five (5) days thereof. In regard to documents that have been produced or depositions taken prior to the entry of the Stipulated Protective Order, the parties shall designate any documents or deposition transcript (or a portion there) as Confidential material within fourteen (14) days from the entry of this order.

3. All Confidential Material produced by a party during discovery in this case shall be used solely for the purpose of this litigation and shall not be used in or for the preparation of any other lawsuit or proceeding or for any other purpose whatsoever.

4. A party shall not be obligated to challenge the propriety of a designation of material as "confidential" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of documents, interrogatory responses, or deposition testimony as "confidential," and the parties are unable to resolve such dispute in good faith on an informal basis, the aggrieved party may request appropriate relief from the Court and the party seeking to prevent disclosure shall have the burden

of proof that there is good cause for the material to have such protection. The information shall remain as designated pending disposition of any such motion.

5. Until an order by the Court that information designated as "confidential" is not, in fact, confidential, such information may be disclosed only to the following persons:

    a. Outside counsel employed by a party to this litigation, and inside counsel of a party working on this litigation, and the paralegal, secretarial, and clerical employees working under the direct supervision of such counsel;

    b. Persons who are expressly retained by counsel to assist in the preparation of this litigation for trial, such as independent accountants, statisticians, or economists or other experts, and the staff working under the direct supervision of such persons retained to assist in the preparation of this litigation for trial, provided that such persons have signed an affidavit acknowledging that they have read this stipulation and order and agree to be bound by its terms;

    c. The parties;

    d. Witnesses whose depositions are being taken; and

    e. The Court.

6. Before disclosing any Confidential Material to those persons specified in subsections (b) and (d) of paragraph 5, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby.

7.      Prior to the time of trial or at such earlier time as it becomes necessary for the parties to rely upon Confidential Material in connection with a motion or hearing, the parties shall attempt in good faith to remove the designation of "confidential" with respect to deposition transcripts and exhibits thereto to the greatest extent possible.

8.      Within thirty (30) days after the conclusion of this litigation, all originals and copies of any Confidential Material produced by a party shall be returned to the producing party if the producing party so requests. The provisions of this stipulation and order regarding confidentiality shall continue in effect notwithstanding termination of the litigation.

9.      Nothing in this Protective Order shall operate to waive the right of any party to this lawsuit to assert objections to the production or admissibility of the Confidential Material.

10.     This Protective Order may be modified by written stipulation signed by the attorneys of record and/or by further order of the Court upon application to the Court, with proper notice.

11.     Nothing in this protective order shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 6th day of December, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge